**Jo Adele STEGALL, Appellant,**

v.

**Wayne HARRIS, Appellee.**

**No. 4739.**

Court of Civil Appeals of Texas, Eastland.

June 6, 1975.

Richard B. Saxe, Legg, Saxe & Baskin, Midland, for appellant.

James L. Wilks, Nunn, Griggs, Beall & Wilks, Sweetwater, for appellee.

WALTER, Justice.

This is a will contest case. Mr. Wayne Harris filed a copy of the alleged last will and testament of H. D. Black for probate. Jo Adele Stegall, the only child of the deceased, filed a petition in opposition. She alleged Harris failed to produce the last will of her father and that as a matter of law same was presumed to have been revoked and that no facts existed to rebut such presumption. The court rendered judgment probating said instrument as H. D. Black's last will and testament and appointed Wayne Harris as independent executor. Mrs. Stegall has appealed.

She contends the court erred in finding the alleged copy offered for probate had not been revoked because the evidence establishes conclusively that no facts were presented to rebut the presumption that her father's will had been revoked.

The record shows conclusively that the last will and testament of H. D. Black, deceased, was not produced in court. The copy of Mr. Black's will dated December 30, 1972 was received in evidence over the objection of the appellant.

Wayne Harris testified substantially as follows:

I live in Rotan. H. D. Black died at Rotan in the Callin Hospital on June 14, 1974. At the time of his death, Mr. Black owned real and personal property of the approximate value of $75,000 or $100,000. I read the original will signed by Mr. Black in December 1972. I believe the

copy filed for probate is a correct and accurate copy of the original. I was named independent executor in the will. The reason I did not produce the original will is because I could not find it. I don't know where the original will is located. I have made inquiries about the original and his safety deposit box has been checked but I could not produce it. I just have not been able to produce it. To the best of my knowledge this copy is an exact copy of the original. The will leaves ⅓ of his estate to his brother, Frank Black; ⅓ to a brother, F. B. Black; and ⅓ to Erma Black, his former wife, and the mother of Mrs. Jo Adele Stegall. Mr. Black informed me that he was naming me as executor in his will and asked me to read the will. I do not remember whether it was at his home or at the bank where I work that he asked me to read the will. Mr. Black physically gave me the will and I read it. He informed me that Mr. Norman Arnett prepared the will for him. The will was in a "lawyer's blue back". I was unsuccessful in finding a will.

The parties agree on the applicable rule in this case and each cite *Bailey v. Bailey,* 171 S.W.2d 162 (Tex.Civ.App.—Amarillo 1943, no writ), wherein the rule is announced as follows:

"The law is well established in this State, as well as in almost every jurisdiction in this country, that in a proceeding to probate a will, where it is shown that it was executed by the decedent and when last seen or accounted for, it was in his possession or in a place to which he had ready access but after his death it can not be found, the presumption arises that the testator destroyed it in his lifetime with the intention of revoking it. The presumption that it was revoked by the testator stands in the place of positive proof to that effect and he who seeks to establish the will assumes the burden of overcoming the presumption by producing facts and circumstances contrary

thereto or that it was fraudulently destroyed by some other person."

Appellee contends the rule announced in Bailey is inapplicable because there is no direct testimony of any kind that the will was ever in the possession of the deceased. We disagree.

We hold the admissible facts and circumstances show conclusively that the presumption set forth in *Bailey v. Bailey, supra,* was established and the proponent introduced no evidence of probative force to rebut the presumption.

The judgment is reversed and judgment is rendered for the appellant.